**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MARY MARTIN, an individual on behalf of herself and others similarly situated,**

**Plaintiff,**

**v.** **No. 2:10-cv-02532-STA-dkv**

**PSALMS, INC.,**

**Defendant.**

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court are Defendant's Objections to the Magistrate Judge's Report and Recommendation (D.E. # 27), filed on May 17, 2011. On May 3, 2011, Magistrate Judge Vescovo issued a Report and Recommendation ("Report") recommending that this case be conditionally certified as a collective action. (D.E. # 26.) Defendant filed timely objections to the Report. (D.E. # 26.) Subsequently, Plaintiffs filed a Response in Opposition to Defendant's Objections to the Report. (D.E. # 30.) For the reasons set forth below, the Magistrate Judge's Report is **ADOPTED**.

**BACKGROUND**

The Magistrate Judge has reported the following background facts to which neither party has objected and to which the Court hereby adopts:

On July 21, 2010, Plaintiff Mary Martin ("Martin") filed a Complaint on behalf of herself and those similarly situated against Defendant Psalms, Inc. ("Defendant"). (D.E. # 1.) In the

Complaint, Martin alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by not compensating her and other members of the purported class for working during unpaid meal breaks.[1]  Compl. ¶ 1.  This Court adds that Martin also alleges the state law claim of unjust enrichment.  Compl. ¶ 42.

Defendant, doing business as Kirby Pines, is a retirement community located in Memphis, Tennessee offering independent-living apartments and garden homes, assisted-living areas, a nursing home, and an Alzheimer's residence.  (D.E. # 16-1, Richmond Aff. ¶ 3.)[2]  Defendant employed Martin as an hourly non-exempt certified nursing assistant ("CNA").  (*Id.* ¶ 13.)

According to Martin, Defendant violated the FLSA by subjecting employees to a common policy that deducted a 30-minute meal period per shift, regardless of whether the employees had the opportunity to take a break.  (Pl.'s Mot., D.E. # 12-1 at 3.)  Martin contends that it was "extremely common for hourly employees to perform compensable work during their uncompensated work breaks" because Defendant never explained to the employees what constituted a compensable meal break under the FLSA, and the work load and staffing situation

---

[1]  According to the Complaint, Martin brings this collective action suit on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the six years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break."

Compl. ¶ 26.

[2]  The Affidavit of Sharon Richmond is not properly notarized.  Because parties did not object to the facts found by the Magistrate Judge citing to this affidavit, this Court will likewise cite to the affidavit.

did not allow for daily meal breaks. (*Id.* at 3-4.) Martin further alleges that Defendant expected employees to be available to work throughout their shifts and that Defendant was on notice that employees worked unpaid. (*Id.*) Martin avers that "[g]iven the demands of the health care industry and staffing shortages," Defendant knew their employees would have to work through unpaid breaks in order to complete their assignments. Compl. ¶ 21.

Defendant concedes that it uses a time clock to record time for all hourly non-exempt employees and that its time system deducts a 30-minute meal break. (D.E. # 16-1, Richmond Aff. ¶ 8-9.) Defendant states that it has a policy which specifically provides employees with meal breaks according to state law.[3] (*Id.*) Pursuant to this policy, if non-exempt employees worked during their meal period, they will be given a rescheduled meal period or pay for time worked. (*Id.*)

On January 17, 2011, Martin filed the instant Motion seeking the court to: (1) certify this case as a collective action under the FLSA and unjust enrichment under Tennessee Law; (2) direct Defendant to provide a list of names, last known address, and last known telephone numbers for all hourly employees of Defendant that were subject to the meal break deduction policy within the last six years; (3) direct Defendant to give notice to future employees by posting notice at work, enclosing it with their paycheck, and mailing notice to employees; (4)

---

[3] In Defendant's Objections to the Report, Defendant notes the policy as providing:

> Employees who are scheduled to work over 6 consecutive hours are usually provided an unpaid meal period. No work is to be performed by non-exempt employees during their meal period. Should it be necessary, by supervisory direction, for a non-exempt employee to work during the meal period, the employee will be given a rescheduled meal period or paid for time worked.

Def.'s Objections to Report, 7.

toll the statute of limitations for the putative class as of the date this action was filed; and (5) order that the opt in Plaintiff's consent forms be deemed filed on the date they are postmarked.

In support of the Motion, Martin filed her affidavit, along with the affidavits of two former employees of Defendant, Pamela Vann ("Vann") and Sylvia Williams ("Williams"). (D.E. # 12-4, Vann Aff. & Williams Aff.) Vann was a licensed practical nurse ("LPN") that has opted into this action. (Def.'s Resp., D.E. # 16 at 4.) Williams was initially hired as a CNA, but was then promoted to activities director. (*Id.*) Williams has not opted into this action. (*Id.*) Both Vann and Martin contend that they were denied compensation for working during meal periods. (*Id.*) Williams states that she regularly interacted with the nursing staff, and, based on her observations, the nursing staff was regularly required to perform compensable work during unpaid meal breaks. (*Id.*) Martin, Vann, and Williams all aver that Defendant knew employees worked during their meal breaks, but continued to deduct 30-minute meal periods. (*Id.*)

In the Report, the Magistrate Judge recommends that the Plaintiffs' Motion be granted and that the Court authorize that notice be given. Report, 13. The Report further states that:

> If the court adopts the report [] and conditionally certifies the collective action, it is recommended that the parties be ordered to meet and confer to draft a mutually agreeable notice. It is further recommended that if the court adopts the report [] and conditionally certifies the collective action, [Defendant] be directed to provide to Martin a list of names and last known addresses and telephone numbers of the covered employees. Finally, it is recommended that [Defendant] be given an opportunity to further respond to the additional requested relief.

(*Id.*)

**Objections to Report and Recommendation**

Defendant has filed timely objections to the Report.[4] Defendant's objections and Martin's responses are set forth below:

**Similarly Situated Analysis**

Defendant objects to the Magistrate Judge's finding that "the common theory alleged by Martin and Vann is sufficient evidence that Martin and the proposed class members are 'similarly situated.'" Def.'s Objections to Report, 5. Instead, Defendant argues that Martin is not "similarly situated" to the employees she seeks to represent.

To demonstrate, Defendant states that Martin has failed to show that the single opt-in Plaintiff to date, Vann, is similarly situated to Martin.[5] (*Id.* at 6.) Defendant notes that, unlike Martin who was a CNA responsible for resident care, Vann was a supervisor and was responsible for monitoring LPNs and CNAs. (*Id.*) Further, Defendant notes that Vann even "admits that she was paid overtime by the company and that she does not know whether such overtime included any pay for meal periods." (*Id.*)

Moreover, Defendant argues that Martin is not similarly situated to the employees she seeks to represent because her "conclusory allegations" that others performed compensable work

---

[4] In a footnote, Defendant states that "[i]n support of Defendant's opposition to the Report [], Defendant attaches the recently-available deposition transcripts of Mary Martin and Pamela Vann. To the extent necessitated by the inclusion of this additional evidence, please consider this Objection to also constitute a Motion to Reconsider." Def.'s Objection to Report, 2. Because Defendant did not properly file a Motion to Reconsider, this Court will consider this filing solely as Objections to the Report; however, the Court will consider the additional evidence provided by the Defendant.

[5] The Court notes Martin has filed two Notice of Filing Consent Forms: one for Vann (D.E. # 10) and one for Amanda M. Jefferson (D.E. # 15).

during uncompensated meal breaks is "belied" by her deposition (*Id.*) For example, Defendant notes that Martin identified five other CNA who worked through the lunch break without compensation–Linda Conner, Amanda Jefferson, Pamela Vann, "Chappel," and "Tatiana." (*Id.*) Defendant states:

> Martin admitted that Ms. Conner received her 30-minute lunch break most of the time. [Martin] further admitted that she does not know whether Tatiana and Chappel received a lunch break later that same day. In fact, Tatiana received lunch breaks for which [] Martin provided coverage.

(*Id.*) Thus, Defendant argues that Martin is the *only* person in her category "who allegedly almost always misses her 30-minute lunch period and was not compensated for it." (*Id.*)

Additionally, Defendant states that Martin admits that her supervisors never told her not to take a lunch break and, furthermore, that she *was* told during the initial company training that she was required to take a lunch break every day. (*Id.* at 6-7.) Along these same lines, Defendant submits that Martin's statement in her declaration that the employees "were expected to eat without any change in demands from patients or relief by additional staff" is contradicted by her deposition testimony that employees were to relieve one another from their work duties to allow for a lunch break. (*Id.* at 7.)

Defendant further contends that the proposed class is overly broad. (*Id.* at 8.) Defendant argues that the only knowledge Vann or Martin possess relates solely to CNAs and LPNs, yet Martin proposes to represent all non-exempt employees at the facility. (*Id.*) Defendant notes that the non-exempt employees of Defendant fall into a number of job classifications, many of which are not in the nursing field. (*Id.*) Specifically, these jobs include "wait staff, laundry workers, cooks, floor techs, housekeepers, line services, mechanics, security personnel, activities employees, claims, processors, painters, pantry workers, and diners." (*Id.*)

Thus, pursuant to these facts, Defendant argues that Martin is not "similarly situated" to the employees she seeks to represent.

Martin, on the other hand, argues that Plaintiffs are similarly situated. Martin stated that Plaintiffs have met the required "modest" factual showing necessary for this Court to grant their Motion as:

> Plaintiffs have shown that Defendant has an auto-deduction policy that applies to all hourly non-exempt employees, that this policy places the burden of correction on hourly employees, and that Defendant was aware of, permitted, and or demanded that employees continue to work during unpaid meal periods.

Pls.' Resp. to Def.'s Objections to Report, 5.

Further, Martin responds to each set of facts presented by Defendant. Martin argues that Defendant's statement that Vann is not "similarly situated" to Martin because she was responsible for monitoring LPNs and CNAs is flawed as the standard for "similarly situated" is fulfilled by the fact that both Vann and Martin "were subjected to Defendant's policy of automatically deducting thirty (30) minutes for meal breaks when employees did not receive a 30-minute meal break." (*Id.* at 8.) Moreover, Martin contends that Defendant's citing of Vann's testimony "insinuating that she may have possibly been paid overtime for missed meal periods" is inappropriate as Vann's declaration "clearly stated that she was not paid for working through her meal breaks." (*Id.* at 9.) Additionally, Martin states that Anna Bradford ("Bradford"), Director of Nursing, testified during her deposition, that during her tenure with Defendant, which dates back to 2007, Bradford has only adjusted an employee's time for missing a meal break on three occasions, none of which were for Vann. (*Id.* at 9.) Martin also argues that Defendant's assertion that Martin and Vann's declarations are contradicted by deposition testimony related to whether employees were to cover for one another during their meal breaks ignores the fact that

no additional staff was brought in to assist during the meal breaks. (*Id.* at 10.)

Lastly, Martin submits that Defendant erroneously argues that individualized inquiries regarding differing job duties and classifications support denial of this Motion. (*Id.* at 10.)

Consequently, Martins asks this Court to adopt the Magistrate Judge's Report.

**Sufficient Interest in Certification**

Defendant next argues that Martin has failed to demonstrate sufficient interest in certification. Defendant states that it has approximately two hundred and eighty-eight (288) hourly non-exempt employees, and, of the potential class, Martin only has knowledge of five (5) other persons that at times may have worked during the 30-minute lunch break. Def.'s Objections to Report, 10. Moreover, Defendant notes that Vann knows of only four (4) individuals (including Martin) who complained about working through their lunch break. (*Id.* at 10.) Additionally, Defendant states that during the pendency of this case, filed on July 21, 2010, only one additional hourly non-exempt employee (other than Martin) has opted into this group. (*Id.*) Thus, Defendant contends that Martin has failed to demonstrate sufficient interest in certification.

Martin, however, argues that she does not have to put forth evidence of other interested employees for conditional certification. Martin contends that the Sixth Circuit has never adopted this requirement. Pls.' Resp. to Def.'s Objections to Report, 13. Additionally, Martin states that it is unethical and a violation of the Tennessee Rules of Professional Responsibility for counsel to personally solicit clients. (*Id.*) Thus, Martin argues that the effect of the Court adopting Defendant's argument would create the exact situation which court supervised notice is intended to prohibit. (*Id.*) Moreover, Martin notes that there is no minimum number of opt-in plaintiffs

required for conditional certification because the question is simply whether others desire to join the action. (*Id.* at 14.) Martin contends she has filed the opt-in form of one former employee and declarations of two (2) former employees. (*Id.*)

**Certification of State-Law Unjust Enrichment Claim**

Defendant objects to the Magistrate Judge's finding that "because the court has already found that Martin and the proposed class members are similarly situated, the court finds that certification for the unjust enrichment claim is appropriate." (*Id.* at 11.) Instead, Defendant argues that certification of the state-law unjust enrichment claim is not warranted. Defendant contends that because Martin has not established that she and the other putative collective class members are similarly situated or that unjust enrichment is appropriate for collective treatment, that collective certification is not appropriate for Martin's state-law claims.

Martin, on the other hand, argues that conditional certification of the state law unjust enrichment claim is proper. Martin contends that her state law claims are important "as they allow Plaintiffs and other class members to recover unpaid 'straight time' for those weeks where they did not work over forty (40) hours in a workweek." Pls.' Resp. to Def.'s Objections to Report, 15. Martin submits that the Sixth Circuit has recognized that plaintiffs should be permitted to use the notice and opt-in procedure of the FLSA for their companion state law claims. (*Id.*)

**ANALYSIS**

The Defendant has filed objections to the Magistrate Judge's Report. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court will review the portions of the Report to which the objections were made *de novo*.

**Similarly Situated Analysis**

Defendant argues that Martin is not "similarly situated" to the employees she seeks to represent, and, thus, this action should not be conditionally certified. Section 216(b) of the FLSA provides that employees may recover unpaid overtime compensation by suing an employer "in behalf of . . . themselves and other employees similarly situated."[6] Specifically, Section 216(b) provides that:

> Any employer who violates [the minimum wage and maximum hours provisions] of this title shall be liable to the employee or employees affected . . . . An action to recover [for such liability] may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.[7]

Therefore, to proceed collectively, named plaintiffs must both demonstrate that they are "similarly situated" to the employees they seek to notify and represent and give written consent to become a party. The Court notes that suits brought pursuant to section 216(b) are termed "collective actions" and are distinct from "class actions" in that similarly situated plaintiffs are permitted to "opt into" the suit rather than "opt out" as required by Rule 23 of the Federal Rules of Civil Procedure.[8]

To determine whether lead plaintiffs and opt-in plaintiffs are "similarly situated," courts generally employ a two-stage certification process.[9] The first stage occurs at the beginning of

---

[6] 29 U.S.C. § 216(b).

[7] *Id.*

[8] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

[9] *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 583 (6th Cir. 2009); *White v. Baptist Mem'l Health Care Corp.*, No. 08-2478, 2011 WL 1883959, at *3 (W.D. Tenn. May 17, 2011)

discovery, when the Court determines whether to "conditionally" certify the proposed class.[10] The purpose of "conditional certification" is to "provide notice to potential plaintiffs and to present them with an opportunity to opt in."[11] However, a court's certification of a class at the notice stage is "conditional and by no means final."[12] The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[13] The purpose of this second stage is for trial courts to "examine more closely the question of whether particular members of the class are, in fact, similarly situated."[14]

This case is at the first stage where the Court must determine whether to "conditionally" certify the proposed class. The named plaintiffs' burden at this stage is "fairly lenient" and requires only "a modest factual showing" that they are similarly situated to the other employees they seek to notify.[15]

Unfortunately, the FLSA does not define the term "similarly situated." In a 2009 opinion, *O'Brien v. Ed Donnelly Enterprises, Inc.*, the Sixth Circuit offered clarification on the term.[16] The Sixth Circuit stated that "[i]t is clear that plaintiffs are similarly situated when they

---

[10] *Comer*, 454 F.3d at 546.

[11] *Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 757-58 (W.D. Tenn. 2011).

[12] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

[13] *Id.*

[14] *Id.* at 547.

[15] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006); *White v. Baptist Mem'l Health Care Corp.*, No. 08-2478, 2011 WL 1883959, at *3 (W.D. Tenn. May 17, 2011); *Carter v. Jackson-Madison Cnty. Hosp. Dist.*, No. 1:10-cv-01155-JDB-egb, 2011 WL 1256625, at *14 (W.D. Tenn. March 31, 2011).

[16] 575 F.3d 567 (6th Cir. 2009).

suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."[17] The *O'Brien* Court further explained, however, that "[s]howing a 'unified policy' of violations is not required" to support certification of a collective action.[18] Rather, plaintiffs may meet the similarly situated requirement if they demonstrate, at a minimum, that "their claims [are] unified by common theories of defendant['s] statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[19]

Importantly, because the determination at this stage is made using a "fairly lenient standard," the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class."[20]

In the present case, the Magistrate Judge recommended that:

> [C]lass certification is appropriate where, as here, the plaintiffs have made a modest showing that defendants had an auto-deduction policy and that employees continued to work during meal breaks without being compensated with the defendant's knowledge. This case is in the first stage of the certification progress. In light of the "fairly lenient standard" applied during this phase, the court finds that the common theory alleged by Martin and Vann is sufficient evidence that Martin and the proposed class members are "similarly situated." As such, it is recommended that this case be conditionally certified as a collective action.[21]

In this case, the Court finds the complaint, the affidavit and consent form of Martin, the

---

[17] *Id.* at 584.

[18] *Id.*

[19] *Id.* Under the circumstances of *O'Brien*, "[t]he claims were unified so, because plaintiffs articulated two common means by which they were allegedly cheated: forcing employees to work off the clock and improperly editing time-sheets." *Id.* at 585.

[20] *Comer,* 454 F.3d at 547 (internal quotes omitted).

[21] Report, 10.

affidavit and consent form of Vann, the affidavit of Williams, and the additional evidence from deposition testimony presented by both parties to be sufficient to make a "modest factual showing" that Martin is "similarly situated" to prospective class members. The above-mentioned pleadings present evidence that Defendant employed a meal break deduction policy whereby a thirty (30) minute meal period is automatically deducted from the time worked of all hourly employees. Moreover, Martin and Vann submit that they and other employees were frequently required to continue working during that uncompensated meal period. In *O'Brien*, the Sixth Circuit held that plaintiffs are similarly situated when their claims are unified by a common theory of defendant's statutory violations. Even taking into account Defendant's objections and presentation of new evidence, the Court finds that Martin and Vann have presented a common theory–the denial of compensation resulting from Defendant's failure to relieve them of their duties during uncompensated meal breaks. The Court finds that the common theory is a sufficient basis to find that Martin and the proposed class members are "similarly situated."

Defendant additionally contends that the proposed class is overly broad in that the only knowledge that Martin or Vann possess relates solely to CNAs and LPNs, and the non-exempt employees of Defendant fall into a number of job classifications. Defendant argues that conditional certification with regard to these other, non-nursing, positions is improper. Defendant does not cite any authority for this argument.

In a recent case from this District, *Lindberg v. UHS of Lakeside, LLC*, the Defendants made a similar argument.[22] The Defendants in that case argued that the case was "inappropriate

[22] *Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 763 (W.D. Tenn. 2011).

for collective action treatment because the plaintiffs have highly disparate job functions and duties that will require the Court to engage in an individualized inquiry."[23]  The Court disagreed with Defendants' argument.[24]  The Court stated that "disparate job titles and duties are largely irrelevant at this stage; the relevant consideration is that these employees were subject to Defendants' common practice of requiring unpaid work during meal periods, which may have resulted in FLSA overtime violations."[25]  The Defendants in that case further argued that "even if Plaintiffs meet their burden for conditional certification, the proposed class is over broad. Defendants [argues] that the Court should limit the scope of the class to employees in direct-care positions."[26]  The Court, in that case, found that plaintiffs demonstrated both that the meal break deduction policy applied to all non-exempt employees and that the reasons employees worked through meal periods extended beyond patient care requirements, e.g., insufficient staffing, instructions not to leave patients unsupervised, etc.[27]  Following, the *Lindberg* Court found that since litigation was still at the first stage, notice was appropriate to all hourly employees.[28]

In the present case, the Court rejects Defendant's argument that the scope of Plaintiffs' class should be limited to employees working in the nursing positions for reasons similar to those stated in the *Lindberg* decision.  This action is currently at the initial notice stage whereby

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 764 (citation omitted).

[26] *Id.*

[27] *Id.* at 764-65.

[28] *Id.* at 765.

plaintiffs' need only show that their positions are "similar, not identical, to the positions held by the putative class members."[29] As noted above, all hourly, non-exempt employee positions of Defendant were "similar" as the positions were subject to the same meal break deduction policy, which may have resulted in FLSA overtime violations. Additionally, like the plaintiffs in *Lindberg*, the evidence presented by Plaintiffs here has given the Court varying, non-nursing related, reasons for having to work through meal periods: improper training, work load, insufficient staffing, and improper supervision. This evidence suggests that Defendant's expectations for working during meal breaks may apply equally to hourly employees not solely in nursing positions. Accordingly, this Court rejects Defendant's arguments that the class is over broad, and, thus, conditional certification is proper and court-supervised notice is appropriate for all hourly employees.

**Interest in Certification**

Defendant argues that Martin must establish sufficient interest among other of Defendant's hourly, non-exempt employees in participating in this case as opt-in plaintiffs. Citing a few cases from other district courts and the Eleventh Circuit, the Defendant maintains that the lack of evidence that other specific employees will join this action should weigh against conditional certification. From this Court's review of Sixth Circuit precedent, the Court finds that the Sixth Circuit has neither required such a showing, nor held that such a showing is not required.[30] As the Magistrate Judge notes in the Report, in *Frye v. Baptist Memorial Hospital*, a

---

[29] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006).

[30] See *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2008 WL 6653632, at *6 (W.D. Tenn. Sept. 16, 2008).

court from this district noted that although the Sixth Circuit has not articulated whether there needs to be a showing that other employees are interested in opting in, the Eleventh Circuit (to which the Defendant cites) has stated that this is a question the court should consider.[31] However, the *Frye* court, citing to the Eleventh Circuit case, noted that "[n]o specific minimum number of opt-in plaintiffs is required to establish a showing of sufficient interest. Rather, the question is simply whether 'there are other employees . . . who desire to 'opt-in.''"[32]

In this case, the Magistrate Judge found that "Martin has shown that at least one other former employee, Vann, has opted into this action. As such, the court recommend[ed] that under the lenient standard applicable at this first stage, this is sufficient interest to conditionally certify a collective action and permit court-supervised notice."[33]

The Court agrees with the Magistrate Judge's recommendation. The fact that one other employee of Defendant has opted-into this collective action, is enough, at this stage in the litigation, for this Court to find that there is sufficient interest to conditionally certify a class and permit court-supervised notice.

---

[31] *Id.* (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). See also *Carter v. Jackson-Madison Cnty. Hosp. Dist.*, No. 1:10-cv-01155-JDB-egb, 2011 WL 1256625, at *17 (W.D. Tenn. March 31, 2011).

[32] *Id.* (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). See also *Carter v. Jackson-Madison Cnty. Hosp. Dist.*, No. 1:10-cv-01155-JDB-egb, 2011 WL 1256625, at *17 (W.D. Tenn. March 31, 2011) ("At the time Defendant raised this argument, [Plaintiff] was the only named plaintiff and no proposed opt-in plaintiffs had been presented to the Court. However, as previously noted, the Plaintiff has since filed the affidavits and notices of two additional [employees of Defendant] who desire to opt into the collective action. Thus, the Court finds that there is sufficient interest to conditionally certify a class and permit court-supervised notice.")

[33] Report, 11.

**State Law Claims of Unjust Enrichment**

Defendant argues that conditional certification is not appropriate for Plaintiffs' state-law claims. In *O'Brien*, the Sixth Circuit held that plaintiffs can have both state and FLSA claims certified as a collective action. The Sixth Circuit explained:

> If the opt-in plaintiffs are similarly situated to the lead plaintiffs, it does not make sense to suggest, as defendants seem to, that only the FLSA claims may proceed collectively, while the supplemental claims would have to proceed individually or would be required to run in parallel to the collective action only by satisfying the more stringent requirements of Fed. R. Civ. P. 23. To disjoin FLSA and supplemental claims in the manner proposed by defendants would defeat the purpose of supplemental jurisdiction, which is to facilitate the resolution of claims that are so closely related to claims for which federal jurisdiction originally lies that the supplemental claims are part of the same case or controversy as the claim independently invoking federal jurisdiction.[34]

Consequently, the Magistrate Judge found that "because the Court has already found that Martin and the proposed class members are similarly situated, the Court finds that certification for the unjust enrichment claims is appropriate."[35]

The Court again agrees with the Magistrate Judge's Report. Because the Sixth Circuit has found that state law supplemental claims are allowed to be brought as part of an FLSA collective action and because this court has found that Plaintiffs are similarly situated, the Court finds that certification of the unjust enrichment claims is appropriate.

**CONCLUSION**

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and finds that Martin has satisfied the modest factual showing required to conditionally certify the class and issue court-supervised notice. The Court therefore conditionally certifies a class of "all

---

[34] *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 580 (6th Cir. 2009) (citations omitted).

[35] Report, 12.

persons employed within the six years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid 'meal break.'"

In addition to conditionally certifying the class, the Court orders the parties to meet and confer to draft a mutually agreeable notice. Moreover, Defendant is directed to provide Martin a list of names and last known addresses and telephone numbers of the covered employees. And, finally, the Court gives Defendant an additional thirty (30) days to further respond to the additional requested relief.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 15th, 2011.